IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| YUZHAKOV ALEKSANDR, <br><br> Plaintiff, <br><br> vs. <br><br> PNC BANK, <br><br> Defendant, | 2:20-CV-01140-MJH |

OPINION

Plaintiff, Yuzhakov Aleksandr, *pro se*, commenced this proceeding by filing a Motion to Proceed In Forma Pauperis and attaching a Complaint seeking to recover funds from a Certificate of Deposit (CD) held by Defendant, PNC Bank.  (ECF No. 1).  On August 3, 2020, this Court granted a Motion to Proceed In Forma Pauperis, but dismissed the Complaint, sua sponte, finding that it lacked subject matter jurisdiction.  (ECF No. 3).   Mr. Aleksandr has filed an Amended Complaint (ECF No. 5), and the matter is now ripe for the Court to determine whether it has subject matter jurisdiction of the same.

Upon review of Plaintiff's Amended Complaint (ECF No. 5), the Court will again, sua sponte, dismiss Plaintiff's Amended Complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

I.     Background

Plaintiff's Amended Complaint against Defendant, PNC Bank, alleges that PNC has refused to disburse money on a CD valued at approximately $2025.  (ECF No. 5 at ¶¶ 1-2 and *Relief* ¶ 1).  In addition to the CD's value, Plaintiff seeks $77,000 in compensation for "psychological injury because of starvation and suffering, loss of health," $800 in "compensation

of lost harvest for eating during long cold Russian winter," and $55 in "compensation expenses for making complaint, postal expenses." (ECF No. 5 at *Relief* ¶¶ 2-4).

In his original Complaint, Plaintiff requested damages totaling $30,870. (ECF No. 1-2 at p. 3). His original Complaint also asserted federal question jurisdiction based upon "Code Federal Regulations affecting national banks, FDIC." *Id.* at p. 2. The Amended Complaint abandons any reference to federal question jurisdiction or any federal statutes or regulations. Instead, Plaintiff bases this Court's jurisdiction on diversity of citizenship on allegations that the matter in controversy exceeds $75,000 and that he, a citizen of Russia, and PNC, a Pennsylvania corporation, are "citizens of different states." (ECF No. 5 at p. 3).

In its August 3, 2020 Opinion and Order, this Court dismissed Plaintiff's Complaint on jurisdictional grounds because 1) for diversity jurisdiction, Plaintiff had not alleged that the matter in controversy exceeded the sum or value of $75,000; and 2) for federal question jurisdiction, the Complaint did not sufficiently specify that Plaintiff's claim against PNC arose under the laws of the United States. (ECF No. 3). This Court granted Plaintiff leave to amend his Complaint to plead a cognizable cause of action that arises under the laws of the United States. *Id*. This Court granted no leave to amend Plaintiff's amount in controversy.

II. Standard of Review

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a court, sua sponte, to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Subject matter jurisdiction is the Court's authority to hear a case. If a case, as presented by the plaintiff, does not meet the requirements of subject matter jurisdiction or if it is otherwise barred by law, then the Court must dismiss the plaintiff's action.

The plaintiff generally has the burden of establishing that the court has subject matter jurisdiction. *Lightfoot v. United States*, 564 F.3d 625, 627 (3d Cir. 2009). The defendant can challenge whether the plaintiff has done so, through either a facial challenge or a factual challenge to the complaint. *In re Horizon Healthcare Servs. Data Breach Litig.*, 846 F.3d 625, 632 (3d Cir. 2017).

In a facial challenge, the court looks to the face of the complaint and accepts as true the facts alleged by the plaintiff. *Hartig Drug Co. v. Senju Pharm. Co.*, 836 F.3d 261, 268 (3d Cir. 2016). If the court cannot conclude, based on face of the complaint, that jurisdictional requirements are met, then the court must dismiss the complaint. *In re Horizon Healthcare Servs. Data Breach Litig.*, 846 F.3d at 633 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In other words, a facial challenge "calls for a district court to apply the same standard of review it would use in considering a motion to dismiss under Rule 12(b)(6)." *Constitution Party v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014). Thus, "'[t]hreadbare recitals of the elements of [jurisdiction], supported by mere conclusory statements, do not suffice.'" *In re Horizon Healthcare Servs. Data Breach Litig.*, 846 F.3d at 633 (quoting *Iqbal*, 556 U.S. at 678). In a factual challenge, however, the plaintiff's factual allegations are not presumed to be true, and the court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Hartig Drug Co.*, 836 F.3d at 268. A factual challenge may only be raised after an answer has been filed. *Long v. SEPTA*, 903 F.3d 312, 320 (3d Cir. 2018). Thus, any motion to dismiss for lack of subject matter jurisdiction filed prior to an answer is, by default, a facial challenge. *Id.*

Importantly, the court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from" the defendant. *Arbaugh v.*

*Y&H Corp.*, 546 U.S. 500, 514 (2006).  Federal courts cannot exercise jurisdiction where Congress has not given it, even if all parties assume subject matter jurisdiction exists.  *Hartig Drug Co.*, 836 F.3d at 267.

    III.    Discussion

        1.  Scope of Leave to Amend

Plaintiff's Amended Complaint avers jurisdiction based upon diversity of citizenship only.  (ECF No. 5 at p. 3). Plaintiff's original Complaint averred jurisdiction on both diversity of citizenship and federal question jurisdiction.   (ECF No. 1-2 at p. 2).  Because Plaintiff's original Complaint only alleged damages totaling $30,870 (ECF No. 1-2 at p. 3), this Court found that it did not have diversity jurisdiction because Plaintiff had not pleaded the requisite amount in controversy. (ECF No. 3). The Court granted no leave to amend the amount in controversy.  *Id.* However, as regard federal question jurisdiction, the Court permitted the Plaintiff to amend his Complaint to plead a cause of action that arises under the laws of the United States.  Plaintiff's Amended Complaint makes no reference to any federal regulations or statutes and only pleads diversity jurisdiction. (ECF No. 5).

Courts have discretion to reject and dismiss an amended complaint that exceeds the allowed scope. *Campbell v. U.S.*, 375 Fed. App'x 254, 260 (3d Cir.2010); *U.S. ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 524 (3d Cir.2007).  Here, the scope of this Court's leave to amend was limited to pleading federal question jurisdiction with sufficient specificity.  Plaintiff's Amended Complaint abandons any federal question as a basis of jurisdiction and instead pleads a higher amount in controversy, which would only support diversity jurisdiction.   Plaintiff's Amended Complaint exceeded the scope of what this Court's August 3, 2020 Opinion and Order permitted.   Therefore, this Court would be within its discretion to dismiss the Amended

Complaint. However, the Court will give the pro se Plaintiff, the benefit of the doubt and evaluate whether his Amended Complaint properly asserts diversity jurisdiction.

    2.  Diversity Jurisdiction

Plaintiff's Amended Complaint against Defendant, PNC Bank, alleges that PNC has refused to return his money on a CD valued at approximately $2025. (ECF No. 5 at pp. 3-4). While the Amended Complaint does not name a cause of action, the claim or claims appear to be contractual in nature. Plaintiff asserts jurisdiction based upon diversity because he is a citizen of Russia, and Defendant has a principal place of business in Pennsylvania. (ECF No. 5 at p. 3). Plaintiff requests damages totaling $79,880, which includes $77,000 as "compensation of psychological injury because of starvation and suffering." *Id*. at p.4.

Diversity jurisdiction is defined by statute in relevant part as follows:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
>
>    \*\*\*
>
> (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;

28 U.S.C. § 1332(a)(2).

Where emotional or psychological damages have been alleged in a breach of contract action, Pennsylvania Courts have held:

> damages for emotional distress are not ordinarily allowed in actions for breach of contract. There are only two exceptions. The first is where the emotional distress accompanies bodily injury. This usually takes the form of an action in tort. The second exception occurs where the breach is of such a type that serious emotional disturbance is a particularly likely result.

*Rittenhouse Regency Affiliates v. Passen*, 482 A.2d 1042, 1043 (Pa. Super. 1984).

Here, while Plaintiff has alleged that he is citizen of a foreign state, Russia, and PNC is a citizen of Pennsylvania, his alleged damages fail to exceed the $75,000 because damages for psychological harm are not recoverable in his contract claim.  Plaintiff has not alleged that he suffered bodily injury as a result of PNC's alleged breach, and a dispute over the disbursement of CD funds is not a breach where severe emotional disturbance is likely to result.  Therefore, Plaintiff's claim of $77,000 for psychological injury does not belong in this contract claim. Thus, without these alleged damages, Plaintiff has not sufficiently alleged that the matter in controversy exceeds the sum or value of $75,000.  Without the $77,000 in damages for psychological suffering, Plaintiff's damages only total $2880. Therefore, Plaintiff cannot establish subject matter jurisdiction on the basis of diversity jurisdiction under Section 1332.

IV. Conclusion

Based on the foregoing, Plaintiff's Amended Complaint will be dismissed for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1).  A separate order will follow.

By the Court:

Marilyn J. Horan
United States District Judge

Cc:   Yuzhakov Aleksandr
      Nizhny Tagil
      Sverdlovskaya Oblast
      Goroshnikova ul.64-31 622034